[Sac. No. 1939.    In Bank.—November 15, 1911.]

# In the Matter of the BONDS OF THE SOUTH SAN JOAQUIN IRRIGATION DISTRICT.

IRRIGATION DISTRICTS—ACT OF 1897—PROCEEDINGS FOR FORMATION—PETITION BY PERSONS APPEARING AS OWNERS OF LAND ON ASSESSMENT-ROLL.—The legislature, having the unquestioned power to provide for the formation of irrigation districts, might do so without giving the property-owners any voice in the matter at all and may do so, as provided in the Irrigation Act of 1897 (Stats. 1897, p. 254), by authorizing the presentation of a petition signed by a majority of those who, upon the last equalized assessment-roll, appear as owners of land within the proposed district.

ID.—ACT NOT DESTROYED BY UNCONSTITUTIONALITY OF PROVISION FOR APPEAL TO SUPERIOR COURT.—The fact that the provision of the Irrigation Act of 1897 for an appeal to the superior court from the determination of the board of supervisors on an application for the formation of an irrigation district is unconstitutional, does not destroy the act as a whole. The act may still stand as an entire and complete scheme after the elimination of the provision touching such appeal.

ID.—PETITION FOR ELECTION TO DETERMINE INCURRING OF INDEBTEDNESS.—That act is not unconstitutional by reason of the fact that section 34 thereof authorizes those appearing as owners upon the equalized assessment-roll to petition the trustees of the district to sumbit to the qualified electors the question whether or not an indebtedness shall be incurred. Such indebtedness is not imposed upon the district except by a vote of the electors themselves, and the provisions of section 34 go only to the method of invoking the action of the trustees for the calling of an election for that purpose.

ID.—DELEGATION OF POWERS TO COUNTY OFFICERS.—Such act is not unconstitutional because it delegates powers to or imposes duties upon certain of the county officers in connection with the assessment and collection of the taxes of the district.

ID.—PROCEEDING TO TEST VALIDITY OF ASSESSMENT AND BOND ISSUE—MATTER GERMANE TO TITLE OF ACT.—The provisions contained in such act for the institution and prosecution by the irrigation district of proceedings to test the validity of an assessment and bond issues are not so foreign to the title of the act as to be void under section 24 of article IV of the constitution. The matter of such proceeding is within the scope of the general purposes of the Irrigation Act, the title of which is "An act to provide for the organization and government of irrigation districts, and to provide for the acquisition or construction thereby of works for the irrigation of the lands embraced within such districts, and, also to provide for the distribution of water for irrigation purposes."

APPEAL from a judgment of the Superior Court of San Joaquin County. J. A. Plummer, Judge.

The facts are stated in the opinion of the court.

Clary & Louttit, for Appellant.

L. L. Dennett, and Nutter & Orr, for Respondent.

HENSHAW, J.—This is a proceeding brought to determine the validity of bonds of the South San Joaquin Irrigation District, a proceeding authorized by the Irrigation Act of 1897. (Stats. 1897, p. 254.)

Upon this appeal it is urged:

1. That the law under which the district was created is unconstitutional and void. The contention herein is based on section 1 of the act,—namely, that "A majority in number of the holders of title or evidence of title of lands, . . . such holders of title or evidence of title representing a majority in value of said lands according to the equalized county assessment-roll or rolls for the year last preceding, may propose the organization of an irrigation district"; and, further, "said equalized assessment-roll or rolls shall be sufficient evidence of title for the purposes of this act." From this language appellant argues that the apparent owners by the last equalized assessment-roll may not be the present owners of the land at the time of the formation of the district, with the result that persons who are not landowners may petition for the formation of such a district and subject the land of the true owners to the burdens of an assessment without those owners having a voice in the matter. But if this were all true, it would not render unconstitutional the section under consideration. The legislature having the unquestioned power to provide for the formation of such districts, might do so without giving the property-owners any voice in the matter at all and may, without question, do so, by authorizing the presentation of a petition signed by a majority of those who, upon the last equalized assessment-roll, appear as owners of the property. (*In re Madera Irrigation District*, 92 Cal. 320, [27 Am. St. Rep. 106, 14 L. R. A. 755, 28 Pac. 272, 675]; *People* v. *Sacramento Drainage District*, 155 Cal. 373, [103 Pac. 207].) If between the time of the making of the last equalized assessment-roll

and the time of the petition for the formation of the district any of these lands shall have changed hands, the new owners will be charged with knowledge that they purchase under conditions where those who appear to be owners by the assessment-roll could petition for the formation of the district. Such a burden upon the land would, in its nature, not be dissimilar to the lien of taxes which follows land in the hands of the new purchasers after the first Monday in March of each year. In the latter case the new purchaser may protect himself in the payment of his taxes by arrangement with the vendor. He may in the instance here before us likewise protect himself by a similar arrangement with the vendor,—in brief, by the vendor's agreement not to sign such a petition.

2. The fact that the provision of the irrigation law of 1897 for an appeal to the superior court from the determination of the board of supervisors has been declared unconstitutional (*Chinn* v. *Superior Court,* 156 Cal. 478, [105 Pac. 580]) does not destroy the act as a whole. The act would have been valid without such provision. The general machinery of the law provides ample protection to the landowner and every reasonable opportunity to correct specific abuses (*Inglin* v. *Hoppin*, 156 Cal. 483, [105 Pac. 582]) ; so that the act can well stand as an entire and complete scheme after the elimination of the provision touching appeal.

3. What has been said under the first head disposes of the objection to section 34 of the act, that objection being that it authorizes those appearing as owners upon the equalized assessment-roll to petition the trustees of the district to submit to the qualified electors the question of whether or not the indebtedness shall be incurred. It is to be noted that the indebtedness is not imposed upon the district excepting by a vote of the electors themselves, and that the provisions of section 34 go only to the method of invoking the action of the trustees for the calling of an election for this purpose.

4. No weight can be accorded to the contention that because the act delegates powers to or imposes duties upon certain of the county officers in connection with the assessment and collection of taxes of the district, it is therefore unconstitutional. The argument is fully met and conclusively answered in *Nevada Bank of San Francisco* v. *Board of Supervisors of Kern Co.,* 5 Cal. App. 638, [91 Pac. 122].

5. The title is as follows: "An act to provide for the organization and government of irrigation districts, and to provide for the acquisition or construction thereby of works for the irrigation of the lands embraced within such districts, and, also, to provide for the distribution of water for irrigation purposes." The body of the act (secs. 68 to 72) contains provisions for the institution and prosecution by the district of the proceeding here brought to test the validity of an assessment. It is contended that these provisions are so foreign to the title of the act as to be void. (Const., art. IV, sec. 24.) To this view we cannot agree. It will be found repeatedly declared in our decisions that the purpose of the constitutional provision is not to destroy legislation germane to the general object declared in the title, but to protect against the passage of clauses and provisions foreign to the title, subject, and purpose of an act—deceptive legislation adroitly introduced and hidden in the body of the act. (*People* v. *Sacramento Drainage District*, 155 Cal. 373, [103 Pac. 207]; *People* v. *Linda Vista Irrigation District*, 128 Cal. 477, [61 Pac. 86]; *Law* v. *San Francisco*, 144 Cal. 388, [77 Pac. 1014].) The matter of the proceeding to test the legality of the assessments and bond issues of a district under this broad and reasonable view comes clearly within the scope of the general purposes of the Irrigation Act. (*Anderson* v. *Grand Valley Irrigation District*, 35 Colo. 525, [85 Pac. 313].)

The judgment appealed from is, therefore, affirmed.

Shaw, J., Lorigan, J., Melvin, J., Angellotti, J., and Sloss, J., concurred.