### FLETCHER v. MAPES et al.
### Civil Action No. 4466.

District Court, N. D. California, N. D.
Sept. 17, 1945.

352

W. Coburn Cook, of Turlock, Cal., for plaintiff.

J. A. Pardee, of Susanville, Cal., for defendants.

WELSH, District Judge.

Plaintiff sued to quiet title to certain lands in Lassen County, California. All defendants, except those sued under fictitious names, filed an answer and cross-complaint. It was subsequently stipulated that the complaint be dismissed as to the defendants Ruth H. Spalding, Blanche S. Pardee, Zella M. Arnold and James A. Pardee, and that their cross-complaint be dismissed as to plaintiff.

An agreed statement of facts was filed by counsel for plaintiff and the answering defendants James Mapes and John Tanner. It appears therefrom that Tule Irrigation District is an Irrigation District organized under and by virtue of the California Irrigation District Act; that it issued certain interest-bearing coupon bonds which went into default. One J. R. Mason became the owner of one such bond and recovered judgment thereon in the Superior Court of the State of California in and for the County of Lassen for $2,661.79.

Said Mason caused an execution to be issued and levied upon the lands belonging to defendants Mapes and Tanner. The Sheriff proceeded to sell and issue a certificate of sale to Mason in the year 1937.

Plaintiff, a citizen of the State of Washington, acquired the deed from J. R. Mason and wife prior to the commencement of this action.

Said agreed statement of facts recites: "That the defendant James Mapes is, subject to such rights as the plaintiff may have acquired by reason of the facts hereinafter stipulated, the owner of the lands described in paragraph 1 of his further answer and cross complaint on file herein, and the defendant, John Tanner, and his wife, Lola Tanner are, subject to such rights as the plaintiff may have acquired by reason of the facts hereinafter stipulated the owners of the lands described in paragraph 1 of the further answer and cross complaint of the defendant John Tanner."

Did plaintiff acquire any rights in said lands? This depends upon whether or not his grantor, J. R. Mason, has derived any title by virtue of the Sheriff's deed.

That he did not is shown by the statutes and decisions of the State of California. Mason's remedy, after he recovered judgment against the Tule Irrigation District, was to proceed under the provisions of law whereby assessments could be levied against the lands in said District to raise the money to satisfy said judgment.

Instead of so proceeding, he chose to proceed by the method of execution and sale. This was irregular and unauthorized.

In El Camino Irrigation District v. El Camino Land Corporation, 12 Cal.2d 378, 85 P.2d 123, the Supreme Court of California held that a judgment creditor of an Irrigation District cannot execute on the lands of said District to satisfy a judgment.

In Provident Land Corporation v. Zumwalt, 12 Cal.2d 365, 372, 85 P.2d 116, 119, the same court mentioned that "the sole remedy of the bondholders under the terms of the act is to compel the levy of assessments, and the enforcement of the same by sale of the land for delinquency," citing Mulcahy v. Baldwin, 216 Cal. 517, 525, 526, 15 P.2d 738.

At page 377 of the opinion in 12 Cal.2d, at page 121 of 85 P.2d, the Mulcahy case is quoted: "The declared plan of the Irrigation District Act is that the holders of outstanding bonds of the district have the right to enforce their demands solely by an annual assessment on the lands in the district. Such is their contract. * * * in law purchasers of those bonds could look only to the statutory right of assess-

ment and enforced payment under that method of raising revenue."

These remarks are characterized as "obviously correct as a definition of the rights of bondholders in situations within the contemplation of the framers of the act."

In Clough v. Compton-Delevan Irr Dist., 12 Cal.2d 385, 85 P.2d 126, 128, it was held that property in an Irrigation District was not subject to partition, in view of "the same considerations of policy which make this property exempt from execution." It was said that, with reference to the Irrigation District Act: "Nowhere does it declare that the bondholder has a lien on the land itself, and it certainly does not recognize any trust for his sole benefit."

In Moody v. Provident Irr. Dist., 12 Cal. 2d 389, 85 P.2d 128, 131, the Court said: "The property of the district, so far as it owns any property, constitutes a public trust and is held by the district for a public use, and, therefore, is not subject to levy and sale upon execution." Tulare Irr. Dist. v. Collins, 154 Cal. 440, 97 P. 1124; Sec. 29, California Irrigation District Act, a amended by St.1909, p. 1075.

Said Section 29 declares that property acquired by an Irrigation District "shall be held by such district, in trust for, and is hereby dedicated and set apart to the uses and purposes set forth in this act." The Court pointed out in El Camino Irr. Dist. v. El Camino Land Corporation, 12 Cal.2d 378, at page 384, 85 P.2d 123, at page 125: "It is impossible, in the face of such language, to say that any such property could be subject to levy on the ground that it was not held for a public use; the statute forecloses any argument on this point. * * * Lands held subject to a public trust cannot be subjected to execution."

In Re Lindsay-Strathmore Irr. Dist., D.C., 21 F.Supp. 129, Judge Yankwich discussed the nature of an Irrigation District in California, and said that while not a political subdivision for municipal purposes, it is an agency of the State, and the use to which water owned and controlled by it is put is a public use; it is a public instrumentality and agency of the State, subservient to it.

In Meyer v. State Land Settlement Board, 104 Cal.App. 577, 585, 286 P. 743, 746, the Court cited People v. Honey Lake Valley Irr. Dist., 77 Cal.App. 367, 246 P. 819: "* * * judgment could not be enforced by an execution against the dis-

trict, but only by a suit in mandamus against the board of supervisors to compel the levying of an assessment to raise money with which to pay their claims," and Westinghouse Elect. Co. v. Chambers, 169 Cal. 131, 145 P. 1025: "in the absence of an express statute so providing, such judgment cannot be collected by execution against the state or its property," and added (104 Cal.App. at page 586, 286 P. at page 746): "the purpose or capacity in which state property is held does not, so far as we have been able to ascertain, alter the rule that state property cannot be levied upon and sold, save and except as permitted by the Legislature, and not being permitted, it cannot be done."

Plaintiff endeavors to distinguish the present case from El Camino Irr. Dist. v. El Camino Corp., 12 Cal.2d 378, 85 P.2d 123, by contending that the Tule Irrigation District was not actively functioning as such. The reasoning of the Supreme Court in Tulare Irr. Dist. v. Collins, 154 Cal. 440, 442, 97 P. 1124, 1125, answers that contention. The District there had acquired lands for reservoir purposes, but the project was abandoned. A judgment-creditor levied on that land which was found by the lower court to be unnecessary for the irrigation plans of the District. The Supreme Court held that said land was not subject to execution, saying: "Equally with such other lands they are impressed with the trust and equally they are exempt from execution, levy, and sale. * * * However remiss the directors may have been in failing to pay the judgment, it cannot be held to estop a public corporation from insisting that its property held under a public trust shall be protected from illegal seizure and sale, to the end that this public trust may not be violated."

Section 39 of the California Irrigation District Act provides in part: "The board of directors shall * * * levy an assessment upon the lands within the district in an amount sufficient * * * to pay the principal of all bonds of the district that have matured * * * also sufficient to pay * * * obligations of the district which shall have been reduced to judgment." Deering, Act 3854.

If Directors of an Irrigation District fail to act in accordance with said section, the remedy of a bondholder or judgment creditor is to apply for a writ of mandamus to compel the proper authorities to raise what is required to satisfy the debt by the as-

sessment and levy so provided. Nevada National Bank v. Board of Supervisors, 5 Cal.App. 638, 647, 91 P. 122.

This was recognized by the Circuit Court in Herring v. Modesto Irr. Dist., 95 F. 705, 710: "If the corporation had authority to levy and collect taxes for the payment of that debt, a mandamus would issue to compel them to raise by taxation the amount necessary to satisfy the debt."

More recently, it was said in Re Imperial Irrigation District, D.C., 38 F.Supp. 770, 779: "The sole remedy of the bondholders against the land is to compel, by writ of mandate, the levy of an assessment upon all the lands in the district."

As title to the property claimed by plaintiff was in the Tule Irrigation District at the time of the levy of execution and the purported sale thereunder, the same was not subject to levy or sale.

It is accordingly held that plaintiff's predecessor in interest pursued the wrong remedy; that the execution and sale were void; that no title passed to plaintiff's grantor; and that plaintiff has failed to prove ownership of the property described in his complaint.

The Court interprets the agreed statement of facts to imply that, if plaintiff is unable to establish legal ownership of the property on which execution was levied pursuant to the judgment obtained by J. R. Mason, the defendants James Mapes and John Tanner shall be entitled to judgment quieting their titles as against plaintiff. It will, therefore, be so ordered as to the lands described in the cross-complaints of each of said defendants. Defendants and cross-complainants to have judgment with costs, upon findings.