BOARD OF SUP'RS OF RIVERSIDE COUNTY, CAL., et al. v.
THOMPSON et al.

(Circuit Court of Appeals, Ninth Circuit.   May 11, 1903.)

No. 912.

1. JUDGMENT AGAINST MUNICIPALITY—PERSONS CONCLUDED—PROCEEDINGS TO·
ENFORCE MANDAMUS.
   A judgment against an irrigation district is conclusive, as to all ques-
tions which were or might have been litigated in the action, against the
property owners of the district and the board of supervisors of a county
required by law to levy a tax for its payment in supplementary proceed-
ings to compel such levy by mandamus.

2. IRRIGATION DISTRICTS—CALIFORNIA STATUTES—LEVY OF TAX TO PAY BONDS.
   Act Cal. March 31, 1897 (St. 1897, p. 267, c. 189), providing for the or-
ganization and government of irrigation districts, by its terms applies
to existing districts organized under prior laws, which, by section 109
(page 287), are made subject to its provisions so far as applicable; and
section 39 (page 267), by which it is made the duty of the board of super-
visors of the county in which an irrigation district has its office to cause
an assessment roll for the district to be prepared, and to make the levy
required by the act to meet the interest on the bonds of the district in·
case the board of directors of the district neglect or refuse to make such
assessment and levy, affects all districts.

3. SAME—MANDAMUS TO COMPEL LEVY—NECESSITY OF DEMAND.
   No demand on a county board to make such assessment and levy is
necessary before filing a petition for a mandamus to compel the same·
for the payment of a judgment rendered against the district for interest
on its bonds.

4. APPEAL—ADMISSION OF INCOMPETENT EVIDENCE—WAIVER OF OBJECTION.
   Where no objection was made in the trial court to the admission of·
evidence introduced to prove a fact, the proof of such fact cannot be
denied on appeal on the ground that the evidence was incompetent.

In Error to the Circuit Court of the United States for the Southern
District of California.

C. B. Bullock and others, taxpayers of the Perris Irrigation District, to-
gether with the board of supervisors of Riverside county, state of California,
seek by this writ of error to review the judgment of the court below ren-
dered on proceedings which were instituted by the defendants in error to
obtain a mandamus directing the said board of supervisors to levy a tax for·
the payment of a certain judgment which had been rendered in that court.
The judgment had been obtained in an action brought on August 26, 1898,
by Robert H. Thompson against the Perris Irrigation District of Riverside
county, Cal., upon certain delinquent interest coupons of bonds which had
been issued by the said district.   On the trial of the action the jury returned
a verdict in favor of the plaintiff therein for the sum of $8,306.75, with costs.
On March 28, 1901, judgment was rendered in accordance with that·verdict..
A writ of error was prosecuted from said judgment to this court, and on
May 5, 1902, this court affirmed the judgment of the court below.   In the·
meantime, on September 26, 1901, the said Robert H. Thompson appeared
before the board of supervisors of Riverside county, and presented to said
board his petition, wherein he alleged the existence of said irrigation district,
the issuance of its bonds, his purchase thereof, and the judgment which he·
had obtained thereon, and averred that said judgment was unsatisfied, and
that the district had no funds applicable to the payment thereof, and no·

¶ 3. Mandamus to enforce payment of judgment against municipality, see·
note to Holt County v. National Life Ins. Co., 25 C. C. A. 475.
   See Mandamus, vol. 33, Cent. Dig. § 44.

property upon which execution could be levied, and that the board of directors of said district had ever since the year 1895 neglected to cause any assessment or levy to be made on the property thereof for the payment of such interest on said bonds; and he demanded that said board of supervisors cause an assessment roll of said district to be prepared, and that it make the levy required by section 39 of the act of the Legislature of the state of California approved March 31, 1897 (St. 1897, p. 267, c. 189), and that said levy be sufficient in amount to satisfy said judgment, with legal interest thereon from the date of its rendition. The board of supervisors, on September 16, 1901, denied the petition, and refused to cause any levy of assessment as demanded therein. On September 18, 1901, the said Robert H. Thompson filed in the court below his petition for a writ of mandamus to said board of supervisors directing them immediately to levy, in accordance with the law, an assessment on the real property within said irrigation district sufficient to pay said judgment. On the same day the court ordered that an alternative writ of mandamus issue, and the writ was thereupon issued. A motion was made to quash the writ, and a demurrer was interposed, both of which were overruled by the court, and thereupon a peremptory writ of mandamus was ordered to be issued. On June 28, 1902, C. B. Bullock and others, claiming to be the owners of real estate within the boundaries of said district, applied for and obtained leave to intervene in said proceeding, and the order theretofore made for the issuance of a peremptory writ of mandamus was set aside, and the plaintiffs in error filed answers to the petition of the defendant in error. On September 8, 1902, the court rendered judgment directing the issuance of the peremptory writ of mandamus as prayed for by the defendant in error. It is to review that judgment that the present writ of error is prosecuted.

Lyman Evans, John D. Works, Bradner W. Lee, and Lewis R. Works, for plaintiffs in error.

Christopher C. Wright, for defendant in error Robert H. Thompson.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge, after stating the case as above, delivered the opinion of the court.

So far as the assignments of error seek to raise questions which were adjudicated in the former judgment of this court, they will not be here considered. It is contended that the state board of supervisors had no power to make the levy which was prayed for. The statute of 1897 (page 267, c. 189, § 39) reads as follows:

"The board of directors shall then levy an assessment sufficient to raise the annual interest on the outstanding bonds, and in any year in which any bonds fall due must increase said assessment to an amount sufficient to raise a sum sufficient to pay the principal of the outstanding bonds as they mature. The secretary of the board must compute and enter in a separate column of the assessment book the respective sums, in dollars and cents, to be paid as an assessment on the property therein enumerated. When collected, the assessment shall be paid into the district treasury and be apportioned to the several proper funds. In case of the neglect or refusal of the board of directors to cause such assessment and levies to be made as in this act provided, then the assessment of property made by the county assessor and the State Board of Equalization shall be adopted, and shall be the basis of the assessment for the district, and the board of supervisors of the county in which the office of the board of directors is situated shall cause an assessment roll for said district to be prepared, and shall make the levy required by this act, in the same manner and with like effect as if the same had been made by said board of directors, and all expenses incident thereto shall be borne by said district."

By this statute it is made the plain duty of the board of supervisors to make the levy required by the act in case of the neglect or refusal of the board of directors to cause such assessment and levy to be made. But it is objected that the board of supervisors and the interveners were not parties to the former action, and were, therefore, not precluded by the judgment, and that they now have the right to make herein all the defenses which could have been made to the original action. We cannot assent to this contention. The judgment in the former action established the right of the defendant in error against the irrigation district. All the necessary parties to that action were before the court, and there was no defect of parties defendant. The present proceeding is not a new action to establish the rights of the defendant in error as against other parties. It is a proceeding in the nature of an execution to enforce the judgment already rendered. The right of the defendant in error to call upon the board of directors to enforce the judgment was established in that judgment, as well as his right to have recourse to the board of supervisors in case of the refusal or neglect of the board of directors to make the levy and assessment. Neither the board of directors nor the board of supervisors nor the taxpayers of the Perris Irrigation District can be heard to defend the present proceeding on any of the grounds litigated, or which might have been litigated, in the former action.

The point is made that no notice or demand was given the board of supervisors before filing the petition for the writ of mandamus. The statute does not require such notice. The petition was notice.

It is contended that the petition for the writ was insufficient, for the reason that it called upon the board to make a levy required by the act of March 31, 1897, whereas the district was organized under the statute of 1887 (St. 1887, p. 29, c. 34) as amended in 1889 (St. 1889, p. 15, c. 19; Id. p. 18, c. 20; Id. p. 21, c. 21; Id. p. 212, c. 178), and was not subject to the provisions of the later act, and it is argued that no demand under the provisions of the act of 1897 is permissible against a district organized under the statute of 1887. The act of 1897 purports by its title to be an act to provide for the organization and government of irrigation districts. By its terms it applies to all existing irrigation districts, no matter when organized. Section 109 recognizes the existence and validity of districts theretofore organized under the prior laws, and declares, "But said districts are hereby made subject to the provisions of this act so far as applicable." Section 110 repeals the provisions of the act approved March 7, 1887, as amended in 1889, "so far as they may be inconsistent herewith." St. 1897, p. 287, c. 189. It is apparent, therefore, that the statute of 1897 governs all irrigation districts which existed at the time when it went into effect. But if, indeed, the provisions of the act of 1887, as amended in 1889, still survived as the governing and controlling act of the corporations formed thereunder, there was no substantial error in referring in the petition to the act of 1897, and demanding compliance therewith, for the reason that the language of section 39 of the act of 1897, in pro-

viding for the levy of an assessment to pay interest on outstanding bonds, is the same as that of the previous act.

It is contended that the court erred in striking out certain matter which had been pleaded in the answers of the interveners. The portions so struck from the answers were those that attempted to bring in issue matters which had been adjudicated in the former action. That judgment, as has already been said, determined not only the questions that were actually litigated therein, but all questions which might have been litigated, and it determined those matters not only for the parties then before the court, but for all parties who might thereafter, under the law, be called upon in a proceeding in the nature of an execution to enforce the judgment therein rendered. Stewart v. Salamon, 97 U. S. 361, 24 L. Ed. 1044.

The point is made that the evidence was not sufficient to warrant the issuance of a writ of mandamus, in that there was no proof that the board of directors of the Perris Irrigation District had neglected or failed to levy the required assessment. But the interveners, in their answer, had expressly admitted that "no levy or assessment upon the property within said alleged district liable thereto had been made by any board of directors since the year 1895." This was sufficient, so far as they were concerned; and, while the board of supervisors, in its answer, made no such direct and explicit admission, evidence was placed before it in the petition for the mandamus which was addressed to the board of supervisors, and which recited the facts on which the judgment had been rendered, and advised it that the irrigation district had, since the year 1895, neglected to cause any levy or assessment to be made on the property of said district, and that it had also neglected to cause such levy or assessment for the year 1901, and that there was no money in the treasury of said district wherewith to pay the judgment. The board accepted this petition as sufficient. It made no denial of any of the facts therein alleged. When the hearing was had on proceedings for the issuance of the writ of mandamus, the petition was offered as evidence of the facts which were recited in it. It was not then objected to as incompetent, and the board of supervisors cannot now be heard to say that it was incompetent evidence.

The judgment of the Circuit Court is affirmed.