JOHN C. MURPHY and Another v. COUNTY OF SCOTT.[1]

May 22, 1914.

Nos. 18,637—(125).

**Former judgment bar to action.**

Plaintiffs, who had contracted with the county of Scott to construct a county ditch, reported to the engineer that they had completed the contract and received his certificate to that effect. They presented this certificate to the board of county commissioners for approval, so that they might present it to the county auditor and obtain a warrant upon the county treasurer for the contract price. The board refused to approve the certificate, on the ground that plaintiffs had not performed the contract in substantial respects. Plaintiffs, alleging full performance, sued out an alternative writ of mandamus to compel the commissioners to approve the certificate. They answered, alleging nonperformance, and the action resulted in a judgment, to the effect that plaintiffs had not substantially performed the contract and were not entitled to have the certificate approved. Thereupon they brought this action against the county to recover the contract price upon the ground that the contract had been fully performed. *Held*, that the judgment in the mandamus action conclusively determined that the contract had not been performed and is a bar to this action.

[1] Reported in 147 N. W. 447.

Action in the district court for Scott county to recover $1,650 for work and labor under a contract with defendant county. The defense pleaded is stated in the opinion. The case was tried before Morrison, J., who denied defendant's motion to dismiss the action, and a jury which returned a verdict of $840 in favor of plaintiffs. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed and judgment ordered for defendant.

*George F. Sullivan,* County Attorney, and *F. C. Irwin,* for appellant.

*W. H. Leeman,* for respondents.

TAYLOR, C.

Plaintiffs duly contracted with the county of Scott to construct a county ditch according to the plans and specifications therefor made by the engineer in charge of the work and on file in the office of the county auditor. In November, 1909, they notified the engineer that they had completed the contract and he issued to them his certificate to that effect in the manner and form provided by statute. On December 3, 1909, they presented this certificate to the board of county commissioners, for the purpose of having it approved so that they could present it to the county auditor and obtain a warrant upon the county treasurer for the unpaid portion of the contract price. The board, however, refused to approve it, on the ground that plaintiffs had failed to perform the contract in substantial respects. Thereafter, and in January, 1910, plaintiffs, alleging that they had performed the contract in full, sued out an alternative writ of mandamus directed to "Joseph Ring, Michael Nash, Michael Geis, R. Bills, Jr., and H. Lenzmeier, as the board of county commissioners of the county of Scott," commanding them to approve said certificate or show cause why they should not do so. The commissioners answered that plaintiffs had failed to perform the contract in numerous substantial respects set forth in detail in the answer. The case was tried before a jury, in November, 1910, upon the issue as to whether the relators in that proceeding (being the plaintiffs herein), had substantially performed their contract. The jury returned the fol-

lowing verdict: "We, the jury in the above entitled action, find in favor of the respondents, that the contract made and entered into by and between the relators and the respondents for the construction of the ditch and lateral ditches in question was not substantially performed by the said relators, in accordance with the plans and specifications of the engineer." Thereafter a judgment was duly entered which recited the verdict in full and adjudged that the relators (the plaintiffs herein) had not substantially performed the contract and were not entitled to the relief sought. Plaintiffs then brought this action against the county, upon the contract, alleging that they had fully performed it, and asked judgment for the contract price, less the payments made while the work was in progress. The county answered setting forth identically the same defense which the county commissioners had interposed in the mandamus proceeding, and, in addition thereto, pleaded the judgment in the mandamus proceeding as a bar to this action. Plaintiffs had a verdict. A motion for judgment notwithstanding the verdict or for a new trial was made and denied and defendant appealed.

The issue as to whether the contract had or had not been performed is identically the same as the issue tried and determined in the mandamus proceeding. Plaintiffs, however, contend that the rule of *res adjudicata* does not apply, for the reason that the mandamus was against the county commissioners, while this action is against the county, and that the mandamus sought to compel the approval of the engineer's certificate, while this action is brought to recover the contract price for the work. But the sole question in issue in both proceedings was whether plaintiffs had or had not substantially performed their contract. Had that issue been determined in plaintiffs' favor in the mandamus proceeding, the board would have been compelled to approve the certificate, and thereupon plaintiffs would have been entitled to a warrant upon the county treasurer for their pay, and the county could not thereafter have asserted a failure to perform.

It is well settled that, where a judgment has been rendered against a municipality, the validity of the claim upon which it is based is *res adjudicata* as against both taxpayers and public officers, as well

as against the municipality, and cannot be again litigated by either taxpayers or public officers in an attempt to avoid the levy or collection of a tax to pay such judgment.   Holt County v. National Life Ins. Co. 80 Fed. 686, 25 C. C. A. 469; Board of Supervisors v. Thompson, 122 Fed. 860, 59 C. C. A. 70; Clark v. Wolf, 29 Iowa, 197; Cannon v. Nelson, 83 Iowa, 242, 48 N. W. 1033; Grand Island & N. W. R. Co. v. Baker, 6 Wyo. 369, 45 Pac. 494, 34 L.R.A. 835, 71 Am. St. 926; McEntrie v. Williamson, 63 Kan· 275, 65 Pac. 244; Shanahan v. City of South Omaha, 2 Neb. (Unof.) 466, 89 N. W. 285; Young v. Town of Henderson, 76 N. C. 420; Bear v. Board of Commrs. 122 N. C. 434, 29 S· E. 719, 65 Am. St. 711. In Ashton v. City of Rochester, 133 N. Y. 187, 193, 30 N. E. 965, 31 N. E. 334, 28 Am. St. 619, it is said:   "When a judgment is rendered by a competent court awarding a writ of mandamus against a board of supervisors or other board or officer having power to audit claims against a county or other municipality, commanding them to audit a claim or demand against the county or municipality, and it is audited in obedience to such command, the validity of the claim cannot be questioned subsequently by the taxpayers in any collateral action or proceeding."   In State v. Hartford St. Ry. Co. 76 Conn. 174, 178, 56 Atl. 506, the city council had brought an action for a mandamus against the street railway company and the mandamus had been refused.   Subsequently the relator, a citizen of Hartford, brought another action for a mandamus.   The court say: "The real parties to this former action were the city of Hartford—a territorial municipal corporation acting specially in behalf of that portion of the public composed of its inhabitants— and the present defendant. The cause of action tried and determined involved the right of this portion of the public to a peremptory writ of mandamus compelling the defendant to obey the order of the city council.   The court had adjudged that such right does not exist.   *   *   *   The application of the relator as a citizen of Hartford, in the present case, alleges substantially the same facts and asks for the same writ denied by the former judgment, and that judgment is a bar to this action."   In State v. Sparrow, 89 Mich. 263, 50 N. W. 1088, Sparrow brought a proceeding in mandamus against the state land commissioner and

obtained a judgment to the effect that he was entitled to patents for certain lands. The patents subsequently issued. Thereafter the state, through its attorney general, brought an action in equity to set aside the patents. The court held that the judgment against the land commissioner was a bar against the state as to the matters determined therein. In Sauls v. Freeman, 24 Fla. 209, 4 South. 525, 12 Am. St. 190, the court had issued a peremptory writ of mandamus commanding the commissioners to call an election to vote upon changing the county seat. Thereafter certain voters sought to enjoin the removal of the county records to the site chosen at such election, and asserted that the conditions precedent to the calling of the election had not been complied with. The court held that the mandamus proceeding barred all inquiry as to such questions, and [at page 222] say: "A judgment against a county or its legal representatives in a matter of general interest to all the people thereof as one respecting the levy and collection of a tax is binding, not only on the official representatives of the county named in the proceeding as defendants, but upon all the citizens thereof, though not made parties defendant by name."

This state has already approved and adopted the rule established by the above decisions. In Kaufer v. Ford, 100 Minn. 49, 110 N. W. 364, a peremptory mandamus had issued, commanding the commissioners of Red Lake county to consider a petition for changing the county seat and determine the same upon the merits. The commissioners found the petition sufficient and directed the county auditor to give notice of the election, whereupon a legal voter sought to enjoin the auditor from giving such notice. It was urged that the proceedings were so defective that they conferred no jurisdiction upon the commissioners. The court say: "We need not consider any of these contentions, for it is clear that they were all determined, finally and conclusively, adverse to appellant's contention, by the judgment in the mandamus proceeding. The several questions were there in issue, directly involved, and the judgment there rendered is final. It is elementary that all questions which were, or might have been, litigated in an action or proceeding of which the court has jurisdiction, are *res judicata* as to all parties thereto and their privies;

125 M.—30.

and the rule applies to mandamus proceedings. Board of Supers. v. Thompson, 122 Fed. 860, 59 C. C. A. 70; State v. Hard, 25 Minn. 460; Sauls v. Freeman, 24 Fla. 210, 4 South. 525, 12 Am. St. 190. The mandamus proceeding in the case at bar was brought by a legal voter, on behalf of himself and all other legal voters in the county, as authorized by section 4053, R. L. 1905. The members of the board appeared, interposed answers, which the court, after hearing, held stated no defense; and the people at large must necessarily, in the absence of fraud or collusion, be concluded by the final judgment rendered therein. They were in privity with relator, within the meaning of the law, and bound equally with him."

Under the principle recognized in the cases cited, the board of county commissioners represented the county in the mandamus proceeding, and, if the judgment had been against the board, the county would have been bound thereby, although not directly named as a party thereto, and could not again litigate with plaintiffs the issues determined therein. Neither can plaintiffs, in an action against the county, litigate again the issues litigated and determined adversely to them in the action against the board. Plaintiffs' present action is based wholly upon the proposition that they had substantially performed their contract. As this question was litigated and determined adversely to them in the mandamus proceeding, they are concluded by the judgment therein, and cannot maintain this action.

The order appealed from is reversed and judgment directed in favor of defendant.