## S. L. DIMOND v. THOMAS ELY, Jerry Donovan, and John A. Nelson.

(149 N. W. 349.)

**Statutory contest — county seat — election to establish — prior judgment in mandamus — res judicata.**

1. In a statutory contest of an election held to permanently locate the county seat of B. county, respondents plead and relied upon a judgment entered in a prior proceeding in mandamus holding the election in certain precincts null and void, as *res judicata* of such issue. *Held*, for reasons stated in the opinion, that the trial court properly sustained such defense.

**Jurisdiction of court — judgment entered — affirmance by supreme court — finality.**

2. *Held*, for reasons stated in the opinion, that the court had jurisdiction in the mandamus case to enter the judgment which was therein entered, and such judgment, having been in all things affirmed by this court, is a finality as to the issues thereby adjudicated.

Opinion filed September 21, 1914. On petition for rehearing November 11, 1914.

Appeal from District Court, Burke County; *C. W. Buttz,* Special J.

From a judgment in respondents' favor, plaintiff appeals. Affirmed.

*Cowan & Adamson* and *H. S. Blood,* for appellant.

The judgment in the mandamus proceeding is not *res judicata* to this action. The question of the ultimate right or title to the county seat was not triable in the mandamus proceeding. State ex rel. Butler v. Callahan, 4 N. D. 481, 61 N. W. 1025; State ex rel. Sunderall v. McKenzie, 10 N. D. 132, 86 N. W. 231; People ex rel. Noyes v. Board of Canvassers, 126 N. Y. 392, 27 N. E. 792.

Only such questions as affect the prima facie title of the relator can be tried by mandamus proceeding. Chandler v. Starling, 19 N. D. 144, 121 N. W. 198; High, Extr. Legal Rem. § 49; State ex rel. Mead v. Dunn, Minor (Ala.) 46, 12 Am. Dec. 25; State ex rel. Davis v. Willis, 19 N. D. 209, 124 N. W. 706.

The order in the mandamus proceeding was a final determination of the matters and issues involved, and the trial court was without jurisdiction to make findings and conclusions, either before or especially after appeal from such order had been taken. Moore v. Booker, 4 N. D. 543, 62 N. W. 607; 2 Enc. Pl. & Pr. 327; 2 Spelling, New Tr. & App. Pr. § 559; Rev. Codes, 1905, § 7222; Ensminger v. Powers, 108 U. S. 305, 27 L. ed. 737, 2 Sup. Ct. Rep. 643.

Where election officers and electors do their best under the circumstances to hold a valid election, and act in good faith and without any corrupt or fraudulent motive, the election is valid. Kerlin v. Devils Lake, 25 N. D. 207, 141 N. W. 756; Rev. Codes 1905, §§ 671, 2334.

*Geo. R. Robins* and *Geo. A. Bangs,* for respondents.

A fact or question actually and directly in issue in a former suit and which was there judicially passed upon and determined by a domestic court of competent jurisdiction is conclusively settled by the judgment therein, as to the same parties or privies in future action. 23 Cyc. 1215, 1216; Southern P. R. Co. v. United States, 168 U. S. 1, 42 L. ed. 355, 18 Sup. Ct. Rep. 18; Southern Minnesota R. Extension Co. v. St. Paul & S. C. R. Co. 5 C. C. A. 249, 12 U. S. App. 320, 55 Fed. 690; Merriam v. Whittemore, 5 Gray, 316; Doty v. Brown, 4 N. Y. 71, 53 Am. Dec. 350; State ex rel. Davis v. Willis, 19 N. D. 209, 124 N. W. 706.

The dismissal of the writ upon its merits is *res judicata* as to all is-

sues tried and determined therein.   Merrill, Mandamus, § 315, p. 379;
State ex rel. Morgan v. Hard, 25 Minn. 460; Santa Cruz Gap Turnp.
Joint Stock Co. v. Santa Clara County, 62 Cal. 40; State ex rel. Cook
v. Ottinger, 43 Ohio St. 461, 3 N. E. 298; Block v. Bourbon County,
99 U. S. 686, 692, 25 L. ed. 491, 493; Louis v. Brown Twp. 109 U.
S. 162, 165, 27 L. ed. 892, 893, 3 Sup. Ct. Rep. 92; Holt County v.
National L. Ins. Co. 25 C. C. A. 469, 49 U. S. App. 376, 80 Fed.
686; Kaufer v. Ford, 100 Minn. 49, 110 N. W. 364; State ex rel.
Hudson v. Trammel, 106 Mo. 510, 17 S. W. 502; 19 Am. & Eng. Enc.
Law, 2d ed. 723; 26 Cyc. 485; 12 Enc. Pl. & Pr. 504; Visher v. Smith,
92 Cal. 60, 28 Pac. 94; Weed v. Mirick, 62 Mich. 414, 29 N. W. 78;
Smeaton v. Austin, 82 Wis. 76, 51 N. W. 1090; Ashton v. Rochester,
133 N. Y. 187, 28 Am. St. Rep. 619, 30 N. E. 965, 31 N. E. 334.

An estoppel by judgment or decree extends to all matters upon which
it must have been founded.   The judgment is a conclusion, and if
necessarily drawn from certain premises, such premises are as conclu-
sive as the judgment itself.   24 Am. & Eng. Enc. Law, 2d ed. 766;
Shelby v. Creighton, 65 Neb. 485, 101 Am. St. Rep. 630, 91 N. W.
369; Burlen v. Shannon, 99 Mass. 200, 96 Am. Dec. 733; Harshman
v. County Court (United States ex rel. Harshman v. County Court)
122 U. S. 306, 30 L. ed. 1152, 7 Sup. Ct. Rep. 1171; Perkins v. Walk-
er, 19 Vt. 144; Hayes v. Shattuck, 21 Cal. 51; Tuska v. O'Brien, 68
N. Y. 446; School Dist. v. Stocker, 42 N. J. L. 115; Blake v. Ohio
River R. Co. 47 W. Va. 520, 35 S. E. 953; Bond v. Markstrum, 102
Mich. 11, 60 N. W. 282; Hinsdale County v. Mineral County, 38 Colo.
433, 88 Pac. 436; Martin v. Roney, 41 Ohio St. 141; Miller v. Union
Switch & Signal Co. 59 Hun, 624, 37 N. Y. S. R. 110, 13 N. Y.
Supp. 711; People ex rel. Central P. R. Co. v. San Francisco, 27 Cal.
655; Moore v. Moore, 12 Ky. L. Rep. 324, 14 S. W. 339; Manley v.
Park, 62 Kan. 553, 64 Pac. 28; Stroup v. Pepper, 69 Kan. 241, 76
Pac. 825; Stocker v. Nemaha County, 72 Neb. 255, 100 N. W. 308;
Reich v. Cochran, 151 N. Y. 122, 37 L.R.A. 805, 56 Am. St. Rep.
607, 45 N. E. 367; Pray v. Hegeman, 98 N. Y. 351.

The judgment in the mandamus proceeding was binding upon the
relators therein, and also as to all in privity with relators, including
the contestant.   State ex rel. Davis v. Willis, 19 N. D. 209, 124 N. W.
706; Freeman Judgm. § 178; 23 Cyc. 1406; Giblin v. North Wis-

consin Lumber Co. 131 Wis. 261, 120 Am. St. Rep. 1040, 111 N. W. 499; Locke v. Com. 113 Ky. 864, 69 S. W. 763; Cole v. Com. 30 Ky. L. Rep. 385, 98 S. W. 1002; Lyman v. Faris, 53 Iowa, 498, 5 N. W. 621; Cannon v. Nelson, 83 Iowa, 242, 48 N. W. 1033; Silvers v. Traverse, 82 Iowa, 52, 11 L.R.A. 804, 47 N. W. 888; McConkie v. Remley, 119 Iowa, 512, 93 N. W. 505; Detroit v. Ellis, 103 Mich. 612, 27 L.R.A. 211, 61 N. W. 886; Elson v. Comstock, 150 Ill. 303, 37 N. E. 207; McClesky v. State, 4 Tex. Civ. App. 322, 23 S. W. 518; Harmon v. Auditor, 123 Ill. 122, 5 Am. St. Rep. 502, 13 N. E. 161; Sabin v. Sherman, 28 Kan. 289; Clark v. Wolf, 29 Iowa, 197; Terry v. Waterbury, 35 Conn. 526; State ex rel. Brown v. Chester & L. N. G. R. Co. 13 S. C. 290; Gaskill v. Dudley, 6 Met. 546, 39 Am. Dec. 750; Southern P. R. Co. v. United States, 168 U. S. 1, 48, 42 L. ed. 355, 376, 18 Sup. Ct. Rep. 18.

It is the duty of the county commissioners to establish polling places. Such duty cannot be coerced or controlled by mandamus. State ex rel. Tompton v. Denoyer, 6 N. D. 586, 72 N. W. 1014; Elvick v. Groves, 17 N. D. 561, 118 N. W. 228.

Fisk, J. This is a contest of an election involving the permanent location of the county seat of Burke county. The question of the permanent location of the county seat for such county was submitted to the electors thereof at the 1910 general election, and according to the abstract of votes prepared by the canvassing board, Bowbells received 783 votes, Lignite 440 votes, and 95 votes divided between other of the candidates for such county seat. The trial in the district court resulted in findings of fact and conclusions of law favorable to the contestees and respondents, and judgment was entered dismissing such contest, from which judgment this appeal is prosecuted.

The canvassing board declined to canvass the returns from certain precincts in the county upon the alleged ground that the election therein was null and void because not held at the voting places designated by the commissioners. It is claimed that if the returns from all the precincts had been received and canvassed, Lignite would have received a majority of all votes cast upon that proposition, and it is contestant's contention that the canvassing board wrongfully and illegally refused to canvass all of such returns. In order to secure what they deemed

their legal rights, the friends of Lignite, in due time, instituted mandamus proceedings to coerce the canvass of the omitted precincts. Such proceeding was tried in the district court, resulting in a judgment in defendants' favor, adjudging the election in such precincts void upon the ground that the votes were not cast at the duly established polling places therein. From such judgment an appeal was taken to this court, resulting in an affirmance of the judgment below. State ex rel. Johnson v. Ely, 23 N. D. 619, 137 N. W. 834. The judgment thus entered on the remittitur from this court in such mandamus proceedings is pleaded by respondent in this contest action, and is relied upon as *res judicata* of all issues tried and decided in that proceeding, and it is respondents' contention here that the following issues were properly raised and adjudicated in such mandamus proceeding:

1. That the election held in the omitted precincts was illegal, null, and void, and of no effect, and that the votes attempted to be cast thereat were illegal, null, and void."

2. "That Bowbells received a majority of the legal votes and was duly elected the county seat of Burke county."

3. "That it would be an abuse of discretion to require the canvassing board to canvass the illegal votes cast in the omitted precincts;" and,

4. "Costs and disbursements to the respondents."

At the trial of this contest action in the district court, contestants offered certain proof in the form of exhibits in support of the allegations in the notice of contest, which exhibits consist of the returns from the precincts omitted by the canvassing board. Such offers were rejected upon the ground "that the matters and things sought to be established by the exhibits are now *res judicata* and finally decided by the judgment of this court, controlling in this case, which judgment was rendered in the case of State ex rel. Johnson v. Ely, and which judgment has been entered in this court upon the findings of fact and conclusions of law and order therefor, made by his Honor, Judge Templeton, acting by the written request of the then judge of this district."

For a more detailed statement of the facts, see State ex rel. Johnson v. Ely, supra. Counsel are agreed that but two questions are involved on this appeal. These questions are stated by appellant as follows: "1. Was the objection to the offered proof that the mandamus action

was *res judicata* of this contest well taken? 2. If not, was the proof offered sufficient to establish prima facie contestant's case?"

Respondents' counsel states the propositions somewhat differently, but in substance they are the same as above. The chief controversy between counsel involves the question as to the legal effect, if any, of the decision in the mandamus case upon the issues in this contest action. It is vigorously and with much plausibility asserted by appellant's counsel that the prior decision in the mandamus proceeding is not *res judicata* of the issues herein, for three reasons, the substance of which are, (a) that the right or title to the county seat or the question of its location was not properly triable by mandamus, the statutory contest affording the exclusive remedy; (b) it was not the duty of the court in the mandamus case to go back of the returns to investigate and adjudicate the question as to the condition or validity of the vote in these various precincts, although it had discretionary power to investigate such vote for the purpose merely of aiding it in exercising its discretion in granting or denying the writ; (c) such investigation was unnecessary under the status of the pleadings in the mandamus proceeding, relators therein having in effect demurred to the sufficiency of the answer and refused to litigate the issues sought to be raised by such answer.

Counsel call attention in their brief to the cases of State ex rel. Butler v. Callahan, 4 N. D. 481, 61 N. W. 1025; State ex rel. Sunderall v. McKenzie, 10 N. D. 132, 86 N. W. 231; and Chandler v. Starling, 19 N. D. 144, 122 N. W. 198, in support of the proposition that the *ultimate right or title to the county seat* was not triable in the mandamus proceeding. The correctness of the rule thus announced is not, and cannot be successfully, questioned. But it does not follow from this that the court in such mandamus case did not have jurisdiction to determine certain issues which might, in the absence of such special proceeding, have been the proper subject of adjudication in the contest action. The crucial question seems to be whether, in the mandamus case, as presented, the court had jurisdiction to determine, as it did, that the election in the omitted precincts was illegal, null, and void. If it had such jurisdiction, then its adjudication of such issue is conclusive and final in the case at bar. This we deem well settled. 23 Cyc. 1215, 1216; Southern P. R. Co. v. United States, 168 U. S.

1, 42 L. ed. 355, 18 Sup. Ct. Rep. 18; Murphy v. Scott County, —
Minn. —, 147 N. W. 447, and cases cited. Also note to Peterson v.
Butte, 27 Ann. Cas. 538–541. Indeed, appellant concedes this to be
the law, but he contends, as above stated, that no such jurisdiction
was possessed nor attempted to be exercised by the court in the man-
damus proceeding. The difficulty with such contention is the fact that
the court unquestionably did assume to adjudicate the validity of the
election in such precincts, and its judgment declaring the same null and
void was in all things affirmed by this court. State ex rel. Johnson v.
Ely, supra. Such decision, whether right or wrong, is therefore con-
clusive in the present action. But we think the court had such juris-
diction. It goes without saying that it had jurisdiction to determine
any proper issue raised in that proceeding, and it seems quite clear
that the question of the validity of the election in the challenged pre-
cincts was squarely presented and litigated by the parties, not, however,
for the direct purpose of determining in such proceeding the ultimate
right or title to the county seat, but for the purpose of enabling the
court to determine relator's right to the writ. Relator sought the is-
suance of such writ to coerce the canvass of returns from certain pre-
cincts, and in opposition thereto respondents, the members of the can-
vassing board, alleged and proved the fact that in such precincts the
election was not held at the legally designated polling places therein,
thus disclosing, in the absence of further proof, the invalidity of the
election, and that the issuance of the writ as prayed for would there-
fore be entirely useless. Manifestly, this was a proper issue for con-
sideration. The writ does not issue as a matter of absolute right. It
must appear that it will serve some beneficial purpose and tend to pro-
mote rather than hamper justice. 26 Cyc. 143; State ex rel. Davis
v. Willis, 19 N. D. 209, 124 N. W. 706; State ex rel. Johnson v. Ely,
23 N. D. 619, 137 N. W. 834, and authorities cited. In the latter case
it was said: "It would be an improper use of the writ of mandamus
to issue it when clearly apparent to the court to which application is
made, or when it could be readily ascertained, that it could serve no
purpose and would be useless when issued. *Hence, evidence regarding
the location of the voting places and the unauthorized change was per-
tinent and material.*" It would seem that the foregoing completely
disposes of appellant's contention on this point. We conclude, for the

above reasons, that the question of the invalidity of the election in the omitted precincts is not now open to further controversy, but that such question was conclusively settled in the prior litigation.

But it is urged by appellant that such former judgment is not *res judicata* for the alleged reason that the district court at the time of its entry had lost jurisdiction because of an appeal which had been previously taken from the order dismissing the alternative writ. Such contention is, we believe, clearly without merit, for several reasons. Such appeal from the order, if permissible, which we need not here determine, was apparently abandoned, and an appeal from the judgment was later perfected and prosecuted to a final determination, resulting in an affirmance in all things by this court, and on such appeal no point was raised as to the jurisdiction of the district court to enter such judgment. Hence, appellant is not in a position to urge such question. Furthermore, the question was effectually set at rest by the decision of this court in such mandamus proceeding.

The judgment appealed from is affirmed.

Goss, J., being disqualified, did not participate.

On Petition for Rehearing.

Fisk, J. In a petition for a rehearing, counsel for appellant present merely a rehash of their former argument in an effort to convince us that the question of the validity of the election in the omitted precincts was not, and could not be, litigated in the mandamus proceeding. They seem to labor under the erroneous impression that such question was not and could not be litigated therein, first, because the court had no jurisdiction so to do; and, second, because they strenuously objected to the trial of such issue, and offered no testimony to rebut that of defendants after their objection was overruled. The fallacy of such contention is too clear to merit serious consideration. The district court clearly had jurisdiction over the subject-matter embraced in such issue, and, this being true, its decision adjudicating such issue is final until reversed on appeal, even conceding for the purposes of this case that it committed gross error in overruling relator's objection to the trial thereof in that proceeding. And, manifestly, relator's objection

28 N. D.—28.

to such trial, and his refusal or failure to introduce testimony on such issue, would not operate to oust the court of jurisdiction.

In order that our first opinion may not be misunderstood, we will briefly restate our views in another form.

The court in State ex rel. Johnson v. Ely, 23 N. D. 619, 137 N. W. 834, was called upon to decide whether the canvassing board which had, on account of the alleged existence of certain facts, refused to canvass the returns from certain precincts, should be compelled by mandamus to reconvene and perform such official duty. The board asserted in its return or answer that it ought not to be compelled to do so because the election in such precincts was not held at the proper voting places, and consequently was void. The sufficiency of such answer as a defense was challenged by an objection thereto, which was overruled. Whether such ruling was right or wrong, the court clearly had jurisdiction to make it. Testimony relating to such issue was thereupon introduced, over relator's objection, it is true; and after the evidence was submitted, and after an adjournment from December 16th to February 8th, relators interposed a demurrer attempting again to challenge the legal sufficiency of the facts set out in ¶ 4 of respondent's answer or return, to constitute a defense. This amounted merely to an invitation to the court to again rule on the identical question which it had previously ruled on, and appellant now complains because a second ruling was not made. The court apparently ignored such alleged demurrer, as it had a right to do. It was too late. The time for pleading or demurring had passed. The testimony had been submitted, and no leave had been granted to file such demurrer. No testimony was offered by relator to contradict that of defendants on such issue, and the court thereafter rendered its decision denying the writ upon the ground that the election in such precincts was void, basing it upon the facts thus disclosed. This decision was, on appeal to this court, in all things affirmed.

Counsel for appellant in the case at bar now strenuously assert in their petition for a rehearing just what they contended for on the argument, that the question of the validity of the election in the omitted precincts was not, and could not be, litigated and adjudicated in such prior proceeding. We attempted to answer such contention in our prior opinion filed herein, by stating in substance that, whether right

or wrong, the district court squarely held that it was proper to litigate and adjudicate such question, and this court on appeal in all things affirmed its judgment. The question, therefore, as to whether such facts properly constituted a defense in the mandamus case is, we think, forever foreclosed as between these parties and those in privity with them. If this position is unsound, there is no end to litigation, and the rule of *res judicata* might as well be abolished.

Appellant's argument proceeds upon the erroneous theory that the court had no *jurisdiction* in the mandamus case to try such issue, but manifestly jurisdiction existed, and, at the most, it was error to do so, and the ruling constituting such error, if error it was, unless corrected on appeal, must stand. "The errors of a court," says Mr. Herman, "do not impair the validity of their judgment. Binding until reversed, any objection to their full effect must go to the authority under which they have been conducted." Herman, Estoppel & Res Judicata, § 367, p. 425.

Counsel assert with apparent confidence in the correctness of their assertion that we have in effect overruled. State ex rel. Butler v. Callahan, 4 N. D. 481, 61 N. W. 1025; State ex rel. Sunderall v. McKenzie, 10 N. D. 132, 86 N. W. 231, and Chandler v. Starling, 19 N. D. 144, 121 N. W. 198, in our opinion as written, and that we ought to expressly say so if that is the intention. If the premise is correct we admit the correctness of the conclusion. The premise is, however, not well founded. These cases differ from that in the case at bar in important particulars. The question which counsel raises in the case at bar was raised in each of such cases on appeals *in the mandamus cases,* and the court in those cases was called upon merely to review the rulings as errors of law. What it said in each case must be construed, therefore, in the light of the fact that it was sitting in review of the rulings complained of, and all it really decided was that error was not committed in the Butler and Chandler Cases, and was committed in the Sunderall Case. In other words, it did not assume to hold that the lower courts had *no jurisdiction* to adjudicate the issue sought to be injected into the case; but we are asked to thus hold in the case at bar, which is a separate and distinct action from the mandamus case, and this in the face of our decision in the mandamus proceeding holding that the trial court acted correctly in receiving testimony and in

deciding such issue. The Butler and Chandler Cases also differ from State ex rel. Johnson v. Ely, in the fact that in those cases the relators each had a certificate of election or appointment which clothed them with a prima facie title and right to the office, while in State ex rel. Johnson v. Ely, the relator had no such prima facie right or title. The proceeding was brought, therefore, not to enforce a prima facie right or title, but to coerce the canvassing board to canvass the votes from certain omitted precincts, whether legal or not. If such votes were illegal as a matter of law, it seems strange that such fact could not be shown as a complete defense in the mandamus case. In other words, it does not seem to us to be a sound proposition of law that the relator was entitled to a writ compelling the board, in effect, to clothe him with a prima facie right by canvassing such votes and issuing a certificate of election, without an inquiry by the court into the question, when brought to its notice, of the validity of the election. Even in the Butler Case where, as we have seen, relator possessed a certificate of election conferring on him a prima facie title to the office, it was held, nevertheless, that if facts showing the election to be void existed, such as the court would take judicial notice of, the relator's case must fall, as the prima facie effect of the certificate would be defeated thereby.

Petition denied.

Goss, J. not participating.